UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BRUCE, | Case No.: 3:23-cv-00145-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 8, 13 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | |
| Defendant | |

Before the court is Plaintiff's Motion for Reversal and/or Remand. (ECF No. 8.) The Acting Commissioner filed a Cross-Motion to Affirm and Response to Plaintiff's motion. (ECF Nos. 13, 14.) Plaintiff filed a reply. (ECF No. 15.)

For the reasons set forth below, Plaintiff's motion is granted, the Acting Commissioner's motion is denied, and this matter is remanded for further proceedings consistent with this Order.

**I. BACKGROUND**

In August 2020, Plaintiff completed an application for disability insurance benefits (DIB) under Title II of the Social Security Act, alleging disability beginning on July 1, 2018. (Administrative Record (AR) 184-188.) The application was denied initially and on reconsideration. (AR 69-90.)

Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 110-114.) ALJ Mary Ann Poulose held a hearing on September 22, 2022. (AR 45-68.) Plaintiff, who was represented by counsel, appeared and testified on his own behalf at the hearing. Testimony was also taken from a vocational expert (VE). On October 4, 2022, the ALJ issued a decision finding

Plaintiff not disabled. (AR 26-40.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-4.)

Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). Plaintiff argues: (1) the ALJ concluded Plaintiff had a moderate mental limitation in the ability to adapt or manage oneself at step three, but the ALJ failed to include that limitation in the residual functional capacity (RFC) assessment at step four; and (2) the ALJ erred in characterizing Plaintiff's past relevant work (PRW) as having a Specific Vocational Preparation (SVP) level of two, which is unskilled work, when according to the Dictionary of Occupational Titles (DOT) this work is performed at SVP level 6, which is skilled work.

The Acting Commissioner argues: (1) substantial evidence supports the ALJ's RFC determination because the ALJ's finding that Plaintiff had moderate limitations at step three is not part of the RFC assessment, and Plaintiff does not show that the record warranted additional mental limitations beyond those assessed in the RFC or that his mental impairments would preclude him from performing his PRW; and (2) the error regarding the SVP level of Plaintiff's PRW was typographical and any error was harmless because it is clear the ALJ and VE were referring to the DOT position that had an SVP of six.

## II. STANDARDS

**A. Five-Step Evaluation of Disability**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairment(s) are so severe as to preclude the claimant from doing not

only his or her previous work but also, any other work which exists in the national economy, considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meets or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's RFC and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitation(s), and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).

A claimant can return to previous work if he or she can perform the work as he or she actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42,

144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a VE or by reference to the Grids[1]. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant is unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**B. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

---

[1] "[The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (internal quotation marks and citation omitted).

5

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id*. (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff met the insured status requirements through December 31, 2023, and he had not engaged in substantial gainful activity since the alleged onset date of July 1, 2018. (AR 31.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: adjustment disorder, dysthymic disorder, major depressive disorder, bipolar disorder, alcohol use disorder, and obstructive sleep apnea. (AR 31.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 33.) In making this determination, the ALJ concluded Plaintiff was moderately limited in two mental functioning areas: the ability to interact with others and the ability to adapt and manage oneself.

At step four, the ALJ assessed Plaintiff as having the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: he could have no exposure to ladders, ropes or scaffolds, unprotected heights, hazardous machinery, or commercial driving; he could not interact with the public and he could have only occasional interaction with co-workers. (AR 34.)

The ALJ then concluded Plaintiff was able to perform his PRW as a weather observer, DOT 025.267-014, as generally performed in the national economy and as actually performed by Plaintiff. The ALJ determined that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (AR 39.) The ALJ noted that the weather observer position was categorized as light work by the DOT, but was performed as heavy work by Plaintiff, and that it had an SVP of two. (*Id*.)

The ALJ did not make an alternative step five determination, and the ALJ found Plaintiff not disabled at step four from July 1, 2018, through the date of the decision.

///

///

**B. RFC**

Plaintiff argues that the ALJ identified moderate limitations in his ability to interact with others and ability to adapt or manage himself at step three, but the ALJ did not include a corresponding accommodation in the RFC for Plaintiff's moderate limitation in the ability to adapt or manage himself. In addition, the ALJ failed to explain why she did not include this accommodation in the RFC.

The Acting Commissioner argues that the ALJ's finding that Plaintiff had moderate limitations in this area relates only to the ALJ's step two and three findings, and not the RFC assessment at step four. The Acting Commissioner further contends that Plaintiff fails to show the record warranted mental limitations beyond those assessed in the RFC.

ALJs "follow a special technique at each level in the administrative review process" when evaluating the severity of mental impairments in order to evaluate the "functional consequences of the mental disorder(s) relevant to [the claimant's] ability to work[.]" 20 C.F.R. § 404.1520a(a). This is referred to as the Psychiatric Review Technique or "PRT." *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *4 (July 2, 1996). It "requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criterial of the adult mental disorders listings." *Id*.

The ALJ rates the degree of any mental functional limitation in four broad functional areas: the ability to understand, remember, or apply information; the ability to interact with others; the ability to concentrate, persist, or maintain pace; and the ability to adapt or manage oneself. 20 C.F.R. § 404.1520a(c). The degree of limitation is rated using a five point scale: none, mild, moderate, marked and extreme. *Id*. If the impairment is rated "none" or "mild," then

the ALJ "will generally conclude that [the] impairment[s] is not severe[.]" 20 C.F.R. § 404.1520a(d)(1). If the ALJ finds that there is a severe mental impairment, then the ALJ will assess the RFC. 20 C.F.R. § 404.1520a(d)(3).

Here, the ALJ found that Plaintiff was moderately limited in two of the paragraph B criteria: the ability to interact with others and the ability to adapt and manage oneself. (AR 33.) The ALJ cited the following as the basis for the moderate limitation in the ability to adapt and manage oneself: Plaintiff stated and treatment notes demonstrated that he struggled with his sobriety; there was some evidence in the file that he experienced paranoia; and during an exam in January 2021, he noted he had not been taking his medication as directed due to his alcohol use. (AR 33-34.)

The RFC contains a limitation that correlates with the finding that Plaintiff was moderately limited in his ability to interact with others: he could not interact with the public, and he could have only occasional interaction with co-workers. (AR 34.) The RFC does not contain a limitation that corresponds to the moderate limitation in the ability to adapt and manage oneself identified by the ALJ at step three.

Relying on SSR 96-8P, the Acting Commissioner argues that the ALJ did not err because the ALJ's finding that Plaintiff had moderate limitations in the "paragraph B" criteria "relates solely to the ALJ's step to and three findings." (ECF No. 13 at 6.)

The Acting Commissioner is correct that SSR 96-8P states that "[t]he limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8P, 1996 WL 374184, at *4. It goes on to state that the mental RFC assessment used at steps four and five "requires a more detailed assessment" and ALJs are instructed to

1  "itemize[e] various functions contained in the broad categories found in paragraphs B and C of
2  the adult mental disorders listings in 12.00 of the Listing of Impairments[.]" *Id*. That same SSR
3  is clear, however, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions
4  imposed by *all* of an individual's impairments, even those that are not 'severe.'" *Id*. at *5
5  (emphasis added).

6  Moreover, the ALJ concluded the step three discussion by stating that "[t]he following
7  [RFC] assessment *reflects the limitation the undersigned has found in the 'paragraph B' mental
8  functional analysis*." (AR 34.) The ALJ cannot state in her decision, on the one hand, that the
9  RFC reflects the paragraph B findings, and then argue now, on the other hand, that the paragraph
10 B findings are irrelevant to the RFC assessment. Nor does SSR 96-8P state that the PRT findings
11 are irrelevant to the RFC assessment.

12 The Acting Commissioner also argues that Plaintiff has not established that the record
13 warranted mental limitations in the RFC beyond those assessed by the ALJ. The Acting
14 Commissioner points out that the ALJ found this limitation stemmed from Plaintiff's issues with
15 sobriety and non-compliance in taking medications and returning to alcohol abuse. The Acting
16 Commissioner contends that when Plaintiff was sober and taking his medications, he reported his
17 anxiety was stable and he denied paranoia or difficulty concentrating, citing to pages 36 and 526
18 of the Administrative Record.

19 The ALJ herself pointed to evidence in the record that supports the moderate limitation in
20 the ability to adapt and manage himself. The Acting Commissioner's post-hoc rationalization
21 that Plaintiff was not in fact so limited is unpersuasive. The ALJ did *not* making a finding that
22 Plaintiff was stable when he was sober and taking his medications. In the RFC discussion, the
23 ALJ acknowledged Plaintiff's endorsement of paranoid thoughts and issues with alcohol use.

While the ALJ pointed out that Plaintiff at times had normal mental status findings *during the exams*, her own summary of the mental health records demonstrates that Plaintiff's mental health symptoms waxed and waned, but the longitudinal record reveals that he continued to be affected by his symptoms over time.

"[F]or the testimony of a VE to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (quotation marks and citation omitted); *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (the "hypothetical an ALJ poses to a [VE], which derives from the RFC, must set out *all* the limitations and restrictions of the particular claimant."). Here, the ALJ did not include the moderate limitation in the ability to adapt or manage oneself in the RFC or the hypothetical to the VE. Nor did the ALJ explain how this limitation did not affect Plaintiff's ability to work. Finally, the Acting Commissioner does not assert how any other aspect of the RFC or the hypothetical posed to the VE takes into account the moderate limitation in the ability to adapt or manage oneself. *See e.g. Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that RFC "adequately capture[d] restrictions related to concentration, persistence, or pace where the assessment [was] consistent with restrictions identified in the medical testimony."); *Luca v. Colvin*, No. 3:14-cv-00615-LRH-WGC, 2016 WL 1169069, at *6 (D. Nev. Feb. 10, 2016), *report and recommendation adopted in* 2016 WL 1169560 (D. Nev. Mar. 22, 2016) (finding the ALJ erred where "the ALJ herself found the medical evidence established [the claimant] had moderate difficulties in concentration, persistence and pace, an adopted that limitation, but failed to include it in [the claimant's] RFC or the hypotheticals posed to the VE.").

In sum, the court finds the ALJ erred in failing to account for the moderate limitation in the ability to adapt or manage oneself in the RFC or hypothetical to the ALJ or explain why this limitation did not affect Plaintiff's ability to perform his PRW. This matter will be remanded for the ALJ to include that limitation in the RFC and hypothetical to the VE, and determine whether, in light of this additional limitation, the Plaintiff is disabled.

**C. PRW**

The ALJ found Plaintiff could perform his PRW as a weather observer, and described this position as having an SVP level of two. In reality, the DOT assigns the weather observer position an SVP level of six. Unskilled jobs carry an SVP level of one to two, while skilled jobs carry an SVP of level five to nine. *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).

Plaintiff argues the ALJ erred because he had mild to moderate limitations in all areas of mental functioning, but the ALJ did not explain how Plaintiff retained the ability to perform work at the skilled level.

The Acting Commissioner concedes that the ALJ's decision assigned SVP level two to the weather observer position when the DOT categorizes it as SVP level six. The Acting Commissioner contends, however, that this was simply a typographical error that is harmless because the ALJ and the VE used the same DOT code at the hearing when talking about Plaintiff's PRW, and the VE testified at the hearing that Plaintiff's PRW as a weather observer was SVP 6 when asked by the ALJ. The Acting Commissioner further argues that there is no limitation in the RFC that would limit Plaintiff's ability to perform a job with an SVP of six.

Preliminarily, the court has already found remand is appropriate because the hypothetical (selected as the RFC) did not include any limitation regarding the ability to adapt or manage

12

oneself. This alone may have an impact on whether Plaintiff can perform PRW as a weather observer. In the event the VE still identifies this as a job that the Plaintiff can perform, the ALJ shall provide an explanation, supported by VE testimony, regarding how a person with Plaintiff's mental limitations can perform this skilled work.

**D. Remand**

Plaintiff provides no argument to support his request that this matter should be remanded for payment of benefits instead of for further proceedings. Therefore, the court will remand this case for further proceedings.

## IV. CONCLUSION

Plaintiff's motion for reversal and/or remand (ECF No. 8) is **GRANTED;**

The Commissioner's cross-motion (ECF No. 13) is **DENIED**;

This matter is **REMANDED** for further proceedings consistent with this Order.

The Clerk shall enter JUDGMENT accordingly.

**IT IS HEREBY ORDERED.**

Dated: January 9, 2024

_____
Craig S. Denney
United States Magistrate Judge